**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Rachel L. Sydnor, | ) | FILED: JUNE 1, 2009 |
| | ) | 09CV3297 |
| Plaintiff, | ) | JUDGE MAROVICH |
| | ) | MAGISTRATE JUDGE COX |
| v. | ) No. AO | |
| | ) | |
| Professional Recovery Services, Inc., a | ) | |
| New Jersey corporation, Resurgent | ) | |
| Capital Services, L.P., a Delaware limited | ) | |
| partnership, and LVNV Funding, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Rachel L. Sydnor, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendants'

debt collection actions violated the FDCPA, and to recover damages for Defendants'

violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendants transact business here.

**PARTIES**

3.      Plaintiff, Rachel L. Sydnor ("Sydnor"), is a citizen of the State of Missouri,

from whom Defendants attempted to collect directly a delinquent consumer debt owed

originally for a Sears credit card, despite the fact that she was represented as to this

debt by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Professional Recovery Services, Inc. ("PRS"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  From PRS' offices in New Jersey, Defendant PRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.      Defendant PRS is licensed to conduct business in Illinois, and maintains a registered agent here.  See, record from the Illinois Secretary of State, attached as Exhibit A.

6.      Defendant PRS is licensed to act as a collection agency in Illinois.  See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

7.      Defendants, Resurgent Capital Services, L.P. ("Resurgent") and LVNV Funding, LLC ("LVNV"), are, respectively, a Delaware limited partnership and a Delaware limited liability company, which act as debt collectors, as defined by § 1692a of the FDCPA, because they regularly use the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendants Resurgent and LVNV were acting as debt collectors as to the delinquent consumer debt that they had their agent, Defendant PRS, attempt to collect from Ms. Sydnor.

8.      Defendants Resurgent and LVNV are sister corporations, and are bad debt buyers, which specialize in buying portfolios of defaulted consumer debts for

pennies on the dollar, the full amount of which debts they then aggressively attempt to collect via collection firms, like Defendant PRS.

9.      Defendants Resurgent and LVNV are licensed to conduct business in Illinois and maintain a registered agent here.  See, records from the Illinois Secretary of State, attached as Group Exhibit C.

10.      Defendants Resurgent and LVNV are licensed to act as collection agencies in Illinois.  See, records from the Illinois Division of Professional Regulation, attached as Group Exhibit D.

**FACTUAL ALLEGATIONS**

11.      Ms. Sydnor is an elderly woman who fell behind on paying her bills.  One such debt she was unable to pay was a debt she owed originally for a Sears credit card. At some point in time, either Defendant Resurgent or Defendant LVNV bought the Sears card debt after default, and hired Defendant PRS to try and collect it from Ms. Sydnor.  Accordingly, when Defendants sent Ms. Sydnor an initial collection letter, dated October 21, 2008, she turned it over to her legal aid attorneys at LASPD.  A copy of this collection letter is attached as Exhibit E.

12.      This initial collection letter (Exhibit E) stated that Defendant Resurgent was the current owner of Ms. Sydnor's Sear credit card debt.

13.      Accordingly, one of Ms. Sydnor's attorneys at LASPD wrote a letter, dated November 17, 2008, to Defendants, advising them that Ms. Sydnor was represented by counsel, and directing them to cease contacting Ms. Sydnor and to cease all further collection activity.  A copy of this letter and the fax confirmation are attached as Exhibit F.

3

14.     Disregarding her representation by counsel, Defendants called Ms. Sydnor on February 1, 2009, and sent Ms. Sydnor a collection letter, dated February 6, 2009, demanding that she pay the Sears debt.  A copy of this letter is attached as Exhibit G.  Moreover, on February 26, 2009, Defendants again called Ms. Sydnor to demand payment of the Sears debt.

15.     Accordingly, on February 26, 2009, Mr. Sydnor's LASPD attorney had to send Defendants yet another letter, directing them to cease communicating directly with Ms. Sydnor.  A copy of this letter and the confirmation are attached as Exhibit H.

16.     Nonetheless, Defendants Resurgent and LVNV then sent another collection letter, dated April 17, 2009, directly to Ms. Sydnor, in which they stated that Defendant LVNV was actually the current owner of Ms. Sydnor's Sear credit debt.  A copy of this letter is attached as Exhibit I.

17.     All of the collection actions at issue occurred within one year of the date of this Complaint.

18.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-18

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew that Ms. Sydnor was represented by counsel in connection with this debt because her attorneys had informed Defendants, in writing (Exhibits F and H), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Sydnor.  By calling and writing Ms. Sydnor, despite being advised that Ms. Sydnor was represented by counsel, Defendants have violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections**

23.     Plaintiff adopts and realleges ¶¶ 1-18.

24.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

25.     Here, the letters from Ms. Sydnor's LASPD attorney (Exhibits F and H) told Defendants to cease communications and that she refused to pay the debt.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

5

26.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

**COUNT III**
**Violation Of § 1692g(a)(1) and/or § 1692e Of The FDCPA --**
**Failure To State Correctly The Name Of The Current Creditor**

27.     Plaintiff adopts and realleges ¶¶ 1-18.

28.     Section 1692g(a)(1) of the FDCPA require a debt collector to state

correctly the name of the current creditor, while § 1692e of the FDCPA prohibits a debt

collector from falsely stating the name of the current creditor.  See, 15 U.S.C. §

1692(g)(1) and § 1692e.

29.     Here, the first two letters from the debt collectors (Exhibits E and G),

stated that Defendant Resurgent is the current owner of the debt, while the third letter

(Exhibit I), stated that Defendant LVNV was the owner.  One, or both, of these

statements is wrong and, therefore, Defendants have violated § 1692(g)(a)(1) and/or

§ 1692e of the FDCPA.

30.     Defendants' violation of § 1692(g)(1) and § 1692e of the FDCPA renders

them liable for actual and statutory damages, costs, and reasonable attorneys' fees.

See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Rachel L. Sydnor, prays that this Court:

1.     Declare that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Sydnor, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by

6

§ 1692k(a) of the FDCPA; and,

      3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Rachel L. Sydnor, demands trial by jury.

Rachel L. Sydnor,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  June 1, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com